1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7   VICTOR CORREIA,                          Case No.  14-cv-04504-DMR
                Plaintiff,
8
9          v.                                ORDER CONDITIONALLY
                                             GRANTING PLAINTIFF'S COUNSEL'S
10  THE NATIONAL RAILROAD                    MOTION TO WITHDRAW
    PASSENGER CORPORATION, et al.,
11                                           Re: Dkt. No. 41
                Defendants.
12          On May 19, 2015, Kabateck Brown Kellner LLP ("KBK") and Wilshire Law Firm PLC
13  ("WLF") filed a motion to withdraw as counsel for Plaintiff Victor Correia.  [Docket No. 41.]
14  Defendants The National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") and Delta
15  Scrap & Salvage, Inc. ("Delta") filed statements of non-opposition.  [Docket Nos. 43, 44.]  The
16  court conducted a hearing on July 23, 2015, at which counsel appeared.  For the following
17  reasons, the court conditionally grants the motion.
18                                    **I. Background**
19          KBK and WLF represent Plaintiff Correia in this negligence action, which was filed in
20  September 2014 and removed to this court in October 2014.  KBK and WLF seek to withdraw due
21  to "significant communication issues" with Plaintiff, including their inability to contact Plaintiff
22  despite diligent efforts.
23          Counsel offered to submit supporting declarations for in camera review.  (Bailey Decl.,
24  May 19, 2015, ¶ 2; Miller Decl., May 19, 2015, ¶ 2.)  Given the nature of the motion to withdraw,
25  and the fact that the supplemental declarations were likely to include attorney-client privileged
26  communications, the court ordered Plaintiff's counsel to lodge ex parte declarations for the court's
27  review.  Additionally, the court ordered Plaintiff to appear in person at the hearing on counsel's
28  motion to withdraw, and instructed counsel to make their best efforts to serve the order on Plaintiff

United States District Court
Northern District of California

1    at all known addresses, including email addresses, as well as through any known contacts,

2    including Plaintiff's family and friends.  [Docket No. 42.]  Plaintiff's counsel lodged the

3    supplemental declarations,[1] and filed an additional declaration regarding efforts to serve Plaintiff

4    with the motion to withdraw and the May 21, 2015 order directing Plaintiff to appear in court.

5    [Docket No. 47 (Bailey Decl., July 21, 2015 ("Bailey Decl. re Service").]

6        The court conducted a hearing on July 23, 2015.  Plaintiff did not appear.  The court

7    ordered Plaintiff's counsel to e-file the lodged supplemental declarations after redacting any

8    attorney-client privileged communications.  Counsel have done so.  [Docket No. 49 (Bailey Decl.,

9    July 30, 2015 ("2d Bailey Decl."), Miller Decl., May 29, 2015 ("2d Miller Decl.").]

10                                    **II. Legal Standard**

11        Civil Local Rule 11-5(a) provides that an attorney may withdraw as counsel of record so

12    long as counsel 1) provides written notice to the client and all other parties in the action and 2)

13    obtains leave of court.  N.D. Cal. Civ. L.R. 11-5(a).  Permission to withdraw is discretionary.  *See*

14    *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

15        Civil Local Rule 11-4(a)(1) requires attorneys practicing in this Court to "comply with the

16    standards of professional conduct required of members of the State Bar of California."  California

17    Rule of Professional Conduct 3-700 sets forth several grounds under which an attorney may seek

18    to withdraw, including where the client "renders it unreasonably difficult for [counsel] to carry out

19    the employment effectively."  Cal. R. Prof. Conduct 3-700(C)(1)(d).  Before withdrawing for any

20    reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the

21    rights of the client, including giving due notice to the client, allowing time for employment of

22    other counsel, complying with rule 3-700(D),[2] and complying with applicable laws and rules."

23    Cal. R. Prof. Conduct 3-700(A)(2).

<hr>

[1] Counsel attached a proof of service to the supplemental declarations, indicating that they served the declarations on defense counsel.  It is not clear why Plaintiff's counsel did so, since the court ordered them to file the declarations in camera and ex parte.

[2] Rule 3-700(c) provides that an attorney whose employment has "terminated" shall "release to the client, at the request of the client, all the client papers and property" and "[p]romptly refund any part of a fee paid in advance that has not been earned."

United States District Court
Northern District of California

United States District Court
Northern District of California

### III. Discussion

Plaintiff's counsel seek to withdraw due to ongoing communications issues with their client, including their inability to contact Plaintiff since April 2015.  In their motion and supporting declarations, KBK and WLF describe their efforts to communicate with Plaintiff. (Bailey Decl. ¶ 2; Miller Decl. ¶ 2; 2d Bailey Decl.; 2d Miller Decl.)  A KBK law clerk and several WLF staff members attempted to call Plaintiff numerous times in January and February 2015 but had no success in reaching him.  (2d Bailey Decl. ¶ 4; 2d Miller Decl. ¶ 5.)  Thereafter, a KBK attorney repeatedly attempted to contact Plaintiff by telephone and email in March 2015. In March 2015, counsel obtained a new phone number and address for Plaintiff, and a KBK lawyer spoke briefly with Plaintiff in mid-March.  However, following that conversation, counsel was again unable to reach Plaintiff, leaving numerous voicemail messages that Plaintiff never returned.  (2d Bailey Decl. ¶¶ 5, 6; 2d Miller Decl. ¶¶ 5, 8.)  KBK sent Plaintiff written notice of its intent to withdraw as counsel in this action on or about March 19, 2015, using certified mail with return receipt requested.  (Bailey Decl. ¶ 3.)  Plaintiff's counsel was finally able to speak with Plaintiff again on April 10, 2015 about the firms' intent to withdraw from the case.  (2d Bailey Decl. ¶ 8; 2d Miller Decl. ¶ 9.)  Plaintiff indicated his intent to call back within two days, but did not do so.  Counsel have been unable to reach him since then.  (2d Bailey Decl. ¶ 8; 2d Miller Decl. ¶ 9.)

Counsel also describe their efforts to locate Plaintiff to serve him with the present motion and the court's order directing Plaintiff's personal appearance.  On May 21, 2015, counsel obtained a comprehensive report of Plaintiff's contact information and last known address, and mailed the motion and order via certified mail to the two most recent addresses indicated in the report on May 27, 2015.  Both mailings were returned to counsel without a forwarding address. (Bailey Decl. re Service ¶¶ 4, 5.)  On June 16, 2015, KBK attempted to serve Plaintiff using a third address obtained through Facebook, but this mailing was also returned.  (Bailey Decl. re Service ¶ 6.)  Counsel also attempted to contact Plaintiff through his friends and acquaintances but those attempts were unsuccessful.  (Bailey Decl. re Service ¶ 8.)  On July 2, 2015, KBK contacted an investigator to help find Plaintiff to accomplish service, and was still working with the

3

investigator as of the July 23, 2015 hearing.  (Bailey Decl. re Service ¶ 7.)

On this record, the court finds good cause to grant KBK and WLF's motion to withdraw as Plaintiff's counsel, subject to conditions set forth below.  Counsel's inability to communicate with Plaintiff renders their continued representation unreasonably difficult.  *See, e.g., El Hage v. U.S. Security Assocs.*, No. C06-7828 TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007) ("Plaintiff's failure to provide his counsel with updated contact information is sufficient to allow [counsel's] permissive withdrawal under California Rule of Professional Conduct 3-700(C)(1)(d)").  The litigation is still in its early stages, with initial discovery and early ADR stalled in light of Plaintiff's absence.  Additionally, Defendants do not object to the motion to withdraw, asking only that the court set new case management deadlines and order Plaintiff to participate in discovery.

The court also finds that counsel have taken "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including attempting to notify Plaintiff of their intent to withdraw and allowing time for employment of other counsel.  Counsel have made sufficiently diligent attempts to locate their client and give him notice of this motion.  *See El Hage*, 2007 WL 4328809, at *1 (discussing non-binding State Bar of California opinion that "compliance with Rule 3-700(A)(2) requires the attorney to 'expend a reasonabl[e] amount of time and funds so as to insure that the attorney makes a diligent effort to locate the client.").

Based on the above, the court concludes that withdrawal is appropriate, subject to the following conditions.  Pursuant to Civil Local Rule 11-5(b), all papers in this case may continue to be served on KBK and WLF for forwarding to Plaintiff.  By August 7, 2015, Plaintiff's counsel shall file a final declaration setting forth the efforts by their investigator to locate Plaintiff, and shall include any address that reasonably appears to be Plaintiff's address.  After reviewing the declaration, the court will consider whether full, unconditional withdrawal by counsel is appropriate.  All existing case management deadlines are vacated pending further instruction from the court.

### IV. Conclusion

For the foregoing reasons, the motion to withdraw is conditionally granted.

United States District Court
Northern District of California

1

2          **IT IS SO ORDERED.**

3    Dated: July 31, 2015

4                                                    

5                                          Donna M. Ryu
                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28